IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:15-cv-00659-RLW |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF PINE LAWN, MISSOURI, et al., | ) | |
| | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| Defendants. | ) | |

## DEFENDANT SYLVESTER CALDWELL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Sylvester Caldwell ("Defendant"), by and through undersigned counsel, and, for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### *Introduction*

1. Denied.

### *Jurisdiction and Venue*

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

### *Parties*

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant denies Plaintiff's allegations of wrongdoing; accordingly, Defendant further denies this legal conclusion.

*Facts*

11. Admitted.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

13. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

14. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

15. Denied.

16. Defendant lacks knowledge with respect to the meaning of the term "policies" as the term is used in this paragraph and, therefore, denies the allegations and averments set forth in this paragraph.

17. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

18. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

19. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

20. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

21. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

22. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

23. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

24. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

25. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

26. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

27. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

28. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

29. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

30. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

31. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

32. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

33. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

34. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

35. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

36. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

37. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

38. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

39. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

40. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

41. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

42. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

43. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

44. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

45. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

46. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

47. Based on knowledge and belief, a news crew filmed Mr. Wright. Defendant denies the remaining allegations in this paragraph.

48. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

49. Admitted.

50. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

51. Defendant admits that he caused the publishing of the *Evening World*, but further states that this was not a "newspaper." To the extent not expressly admitted or denied, Defendant denies the same.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

61. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

62. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

63. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

64. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

65. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

66. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

67. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

68. Denied.

69. Denied.

**COUNT I**
*42 U.S.C § 1983 – First Amendment Retaliation*
*Against Defendants Anderson and Caldwell*

70. Defendant repeats each of his answers and responses to the allegations contained in all prior paragraphs herein by reference.

71. Defendant lacks knowledge with respect to the meaning of the terms "political speech" and "expressive activity" as the terms are used in this paragraph because the specific activities are not alleged with sufficient specificity and, therefore, denies the allegations and averments set forth in this paragraph.

72. Defendant lacks knowledge with respect to the meaning of the terms "political speech" and "expressive activity" as the terms are used in this paragraph because the specific activities are not alleged with sufficient specificity and, therefore, denies the allegations and averments set forth in this paragraph.

73. Denied.

74. Denied.

75. Denied.

WHEREFORE, Defendant Sylvester Caldwell respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and for any other and further relief that this Court deems just and proper and of the circumstances.

## COUNT II
*42 U.S.C. § 1983 – Fourth Amendment*
*Against Defendant Anderson*

76-79. Count II is not directed at Defendant Sylvester Caldwell and, therefore, no answer is made to the same. To the extent that any such allegations in these paragraphs are directed at Defendant Sylvester Caldwell, Defendant Sylvester Caldwell lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in each respective paragraph and, therefore, denies the same.

7

## COUNT III
*42 U.S.C. § 1983 – Conspiracy*
*Against Defendants Caldwell and Anderson*

80. Defendant repeats each of his answers and responses to the allegations contained in all prior paragraphs herein by reference.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

WHEREFORE, Defendant Sylvester Caldwell respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and for any other and further relief that this Court deems just and proper and of the circumstances.

## COUNT IV
*42 U.S.C. § 1983 – Municipal Liability*
*Against Defendant City of Pine Lawn*

85-91. Count IV is not directed at Defendant Sylvester Caldwell and, therefore, no answer is made to the same.  To the extent that any such allegations in these paragraphs are directed at Defendant Sylvester Caldwell, Defendant Sylvester Caldwell lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in each respective paragraph and, therefore, denies the same.

### **AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS**

By way of further answer and as affirmative defenses, Defendant Sylvester Caldwell states as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

8

2. Defendant Sylvester Caldwell in his individual capacity has qualified immunity from the claims brought against him.

3. Any injury or damage, if any, sustained by Plaintiff was a direct and proximate result of Plaintiff's own negligence, carelessness, and comparative fault contributing thereto, and as a result, there is no proximate cause relationship between any injuries allegedly sustained by Plaintiff and any of the alleged (and denied) conduct of Defendant.

4. Plaintiff has failed to mitigate his damages.

5. Plaintiff's claims for punitive damages fail to state a valid claim for such relief and, in addition, to the extent that Plaintiff seeks to recover punitive damages herein, Plaintiff has not stated and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution.

6. Plaintiff's claims are barred under the equitable doctrines of unclean hands and estoppel.

7. To the extent Plaintiff seeks damages related to media outlet publication and/or broadcast of his arrest, the actions of those media outlets and/or reporters are intervening causes such that Defendant Caldwell cannot be liable for the same.

8. In the event of the adjudication of the issues in this case whereby this Defendant is held liable to respond to damages to Plaintiff, this Defendant prays for a determination of the comparative fault of Plaintiff and for determination and apportionment of the negligence of all parties set out in Plaintiff's Complaint, as well as other persons and/or entities who are not parties at the time this cause was submitted to a jury or trier of fact but who may have entered into a release, covenant not to sue, or similar agreement with Plaintiff for a claim arising out of the

alleged transaction or damages which is the basis of Plaintiff's cause of action, and for an appropriate reduction of this Defendant's responsibility for the payment of damages that may be awarded to Plaintiff; in the event that this Defendant is held jointly liable with other parties, Defendant prays that a determination be made of the relative distribution of fault with an apportionment of responsibility for the payment of any damages that may be awarded to Plaintiff in a determination of the right of contribution and indemnity between this Defendant and other parties at the time of submission of this case as well as with other persons and/or entities who previously entered into a release, covenant not to sue, or similar agreement Plaintiff for a claim arising out of the alleged transaction which forms the basis of Plaintiff's cause of action, and/or a reduction of any verdict or judgment under Missouri Revised Statute §537.060.

9. Defendant hereby incorporates any and all affirmative defenses asserted by other Defendants herein and reserves the right to supplement his affirmative defenses in accordance with the Court's Scheduling Order.

WHEREFORE, Defendant Sylvester Caldwell respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, and for any other and further relief that this Court deems just and proper under the circumstances.

BEHR, MCCARTER & POTTER, P. C.

By: */s/ Andrew T. Tangaro*
    Timothy J. Reichardt #57684MO
    Andrew T. Tangaro #64193MO
    7777 Bonhomme, Suite 1400
    Clayton, MO  63105
    314-862-3800
    314-862-3953 – facsimile
    treichardt@bmplaw.com
    atangaro@bmplaw.com
    *Attorneys for Defendant Sylvester Caldwell*

## Certificate of Service

      The undersigned certifies that on the 17th day of June, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon all parties of record via the Court's electronic filing system.

                                                        */s/ Andrew T. Tangaro*